IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| JAMES H. ROGERS,<br>                 Plaintiff<br><br>   vs.<br><br>SCI PGH WESTERN PENITENTIARY,<br>Northside of Pgh/MHU Unit; C.O.<br>SMITTY, MHU Correctional Officer; C.O.<br>TERRI, MHU Correctional Officer; C.O.<br>RJ, MHU Correctional Officer; MHU TECH<br>ANDRE; MENTAL HEALTH TECH JB;<br>MHU TECH TRACI; MHU TECH TROY;<br>NURSE BILL; NURSE JOE,<br>                 Defendants | Civil Action No. 10-131E<br>Chief U.S. District Judge Gary L. Lancaster/<br>Chief U.S. Magistrate Judge Amy Reynolds Hay |

## REPORT AND RECOMMENDATION

**I.     Recommendation**

It is respectfully recommended that this matter be dismissed for failure to prosecute.

**II.    Report**

On May 25, 2010, the Court received James H. Rogers' pro se civil rights complaint (ECF No.1) alleging Eighth Amendment violations relating to excessive use of force and denial of medical treatment in the mental health unit at SCI Pittsburgh, Western Penitentiary. No Motion to Proceed In Forma Pauperis was included with the Complaint, nor was the filing fee paid. (See id.) On June 17, 2010, this Court issued an Order (ECF No. 2) directing that Rogers file a Motion to Proceed In Forma Pauperis or pay the $350 filing fee. He was also ordered to include with his filing a certificate of a trust fund account statement (or institutional equivalent) for the six month period immediately preceding the filing of the complaint, or a proper affidavit of

non-compliance. (Id.). Rogers was to comply with the terms of the Order no later than July 1, 2010, 2010. (Id.). As of the date of this Report and Recommendation, Rogers has failed to comply with any part of that Order.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider the following six factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)[1] :

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Factors One, Three, and Four relate to Rogers' failure to comply with this Court's orders, and weigh heavily against him. Responsibility for failing to make payment, to apply for IFP status, and to file the related forms lies solely with him. His failure to comply with or respond to the Court's orders appears to constitute willful and dilatory conduct. The second factor - the prejudice caused to the Defendants - is not significant. Similarly, factor Six- the meritoriousness of the claim - should be weighed as neutral, although it appears that the Defendants may have meritorious defenses. The final relevant factor is the effectiveness a

---

[1]Not all of the Poulis factors must be met in order for the District Court to find that dismissal is warranted. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

sanction other than dismissal. Since Rogers did not pay the necessary filing fee, it does not appear that monetary sanctions are appropriate. Moreover, his failure to submit an application for IFP status or to respond to the Court's Order supports the assumption that he has no serious interest in pursuing this case. It is, therefore, respectfully recommended that the Complaint in this matter be dismissed since no other sanction will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Rogers may file written Objections to this Report and Recommendation by the date specified in and highlighted on the copy of the docket entry which is included with a copy of this Report and Recommendation.

Respectfully submitted,

/s/ Amy Reynolds Hay
Chief United States Magistrate Judge

Dated: 23 July, 2010

cc: James H. Rogers
    FE-9381
    SCI Albion
    10745 Rt 18
    Albion, PA 16475